Kirkpatrick, C. J.
— As to the loose certificate of the magistrate, of what passed before him on the trial, and of the two Judges, as to the reasons which governed the Court in their decision, these being matters not of [*] record, but made up merely from the memory of distant transactions, I lay them out of the case.
The only remaining reason, then, for consideration, is the third, viz: That the Court reversed the judgment of the Justico for irregularity, with costs which they liad no right to do. — The entry of the judgment is in these words: " The Court having heard tiie counsel of the parties in this appeal, order that the judgment of the Justice be reversed for irregularity, with costs,” &c.
I believe it is admitted on all hands, that the Court of Common Pleas on appeal, are to look into the merits of the cause, and pronounce a final judgment between the parties. It is true that the act speaks of affirming and reversing on appeal, but these terms are incautiously used; for the appeal. *192 calls for a new trial on the merits, and a new and final judgment. When the Courts of Common Pleas, therefore, have used the terms affirm or reverse, the first has been construed to mean a new judgment for the same party and the same sum with that entered by the justice; and the second, anew and final judgment for the party against whom such judgment had been entered by such justice.
The only difficulty arises from the words “for irregularity,” used in this entry. These words give some reason to suppose, that the court merely reviewed this judgment as a court of error, and declined trying the merits. But I think this is not a necessary inference. The plaintiff before the justice, offered his book in evidence to support his cause, without having proved it to be his book. The same evidence only could be offered before the picas on the appeal. This was not sufficient to maintain the cause. This proceeding of the justice, therefore, without evidence, must be the irregularity intended. The judgment is’upon the substance of the thing; it is a judgment for the defendant, because the plaintiff did produce sufficient evidence to maintain his action.' — Affirm.
[*] Rossell, J.
— For the reasons that will be offered by my brother Pennington, I agree to reverse the judgment of the justice, as well as that of the Common Pleas.
Pennington, J.
— There can be no doubt, but that the authority of the Common Pleas, in cases of appeals from the courts for the trial of small causes, is confined to a review of tho cause on its merits; that is, to retry the cause, not to correct the proceedings of the justice. In this case, the cause had been tried before the justice, a witness had been examined, and books of account produced; the plaintiff had a judgment; the defendant appeals. The Common Pleas, according to the record returned with the certiorari, and without hearing any evidence, on the argument of counsel only, order that the judgment of the justice be reroersedfor irregularity. If, however, it appeared from the proceedings before the Common Pleas, that there had been a trial before them on the merits, and that the judgment of the Common Pleas was only unskilfully entered, I should incline to support the judgment; but I can draw no other conclusion from the record, but that the Common Pleas undertook to review the proceedings of the justice as a court of error, and reverse his judgment for irregularity in his proceedings. It is of infinite importance in the administration of justice, that every tribunal should be kept within its own province. I am, therefore, of opinion, that the judgment of the Court of Common Pleas ought to be reversed.
Crane, for plaintiff.
Both records are before us; the judgment of the justice is irregular, being entered in figures and not in words at length. I can sec no reason why we should not reverse both judgments, and in doing this, it appears to me that a door will be open through which substantial justice may be done. The cause may be tried again on its merits.
Judgment reversed.